*Ortiz v. ACI Motor Freight, Inc.*

# Exhibit 1

ELECTRONICALLY FILED
2014 Aug 11 AM 11:09
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-CV-000752

Henry Ortiz
vs.
A.C.I. Motor Freight, Inc.

## SUMMONS

To the above-named Defendant/Respondent:

**A.C.I. Motor Freight, Inc.
4545 S. Palisade
Wichita, KS 67217**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Amy Maloney
4600 Madison Avenue, Suite 810
Kansas City, KS 64112

within 21 days after service of summons on you.



Clerk of the District Court

**Documents to be served with the Summons:**
PLE: Petition Petition, MOT: Appoint Motion for Appointment of Special Process Server, PRO: Order - Service Required Order for the Appointment of Special Process Server, NOT: Notice - Service Required Service Instruction Form

ELECTRONICALLY FILED
2014 Aug 11 AM 11:09
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-CV-000752

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

| | |
|---|---|
| HENRY ORTIZ, | ) |
|     Plaintiff, | ) |
| | ) Case No. |
| v. | ) Division: |
| | ) |
| A.C.I. MOTOR FREIGHT, INC. | ) Chapter 60 |
| Serve Registered Agent: | ) |
| A.C.I. Motor Freight, Inc. | ) |
| 4545 S. Palisade | ) |
| Wichita, Kansas 67217 | ) |
| | ) |
|     Defendant. | ) |

### PETITION

COMES NOW, plaintiff Henry Ortiz, by and through his undersigned counsel, files his Petition against defendant A.C.I. Motor Freight, Inc. ("ACI"), and for his cause of action states and alleges the following:

### NATURE OF THE CLAIM

1. This is a claim for wrongful termination in violation of public policy following complaints made by Plaintiff regarding the safety of Defendant's vehicles and the safety of the working environment maintained by Defendant.

### PARTIES

2. Plaintiff Henry Ortiz is a citizen and resident of Kansas City, Missouri.

3. At all times relevant herein, Plaintiff was employed by Defendant in the State of Kansas at its office in Kansas City, Kansas. Plaintiff was terminated in Kansas.

4. Defendant A.C.I. Motor Freight, Inc. is a Kansas for-profit corporation authorized to conduct and is conducting business in the State of Kansas with its principal place of business at 500 S. Coy Street, Kansas Avenue, Kansas City, Kansas 66105.

5. At all times relevant herein, each of Defendant's employees referenced in this Petition were the agents, servant and employees of Defendant and were acting in the course and scope of their employment/agency relationship.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendant pursuant to K.S.A. § 20-301 and K.S.A. § 60-308(b) because the acts, omissions, and occurrences giving rise to this matter arose in Wyandotte County in Kansas City, Kansas.

7. Venue is proper in this Court under K.S.A. § 60-604 because the cause of action arose in Wyandotte County in Kansas City, Kansas and Defendant is transacting business in Wyandotte County.

## GENERAL ALLEGATIONS

8. At all times relevant herein, Plaintiff was employed by Defendant as a Driver in its Kansas City, Kansas office.

9. Plaintiff was hired to work as a Pick-Up and Delivery Driver of semi-tractor trailer trucks for Defendant on or about October 7, 2013. Plaintiff's primary duty was to drive shipments of freight to various locations throughout the United States. As a part of Plaintiff's job duties, he was required to perform pre-trip inspections of the trucks and trailers he would be driving that day. After completing the inspection, he was required to complete an inspection report.

10. Plaintiff's supervisor, Ray Hughes, had told him never to put the inspection reports in the mail pouch for Defendant's Wichita office if there were defects. Because Plaintiff believed he was required to do so under safety rules, he would put his inspections reports in the mail pouch even when he had noted in the reports that there were safety defects or deficiencies in the vehicles he would be driving.

11. In November 2013, Plaintiff complained to Kansas City, Kansas Terminal Manager Mike Meier about Hughes's aggressive behavior. Specifically, Plaintiff complained about Hughes's threatening verbal abuse that he had endured since the second day of his employment. Meier assured Plaintiff that he would handle the problem.

12. On December 13, 2013, Plaintiff conducted his pre-trip inspection of his equipment and trailer. Plaintiff found and reported safety defects in his inspection report. Plaintiff specifically checked "brakes" for Trailer No. 560 and noted that "# 560 needs lots work." After completing his report, Plaintiff gave a copy to Hughes who threw it to the side of his desk.

13. Later while driving that day, Plaintiff complained to Hughes over the two-way radio that the brakes were not working properly.

14. That same evening when Plaintiff was parking his truck, it malfunctioned because of the brakes (the same issue he had complained about earlier in the day), causing damage to the vehicle.

15. Hughes began screaming at Plaintiff and insulting him, using profanity.

16. When Plaintiff went to clock out for the evening, Hughes grabbed Plaintiff's arm. Plaintiff told Hughes to take his hands off of him and attempted to grab his cell phone to call the police. Plaintiff told Hughes that he was going to call the police. As a result of the battery,

Plaintiff sustained a bruise on his arm. Plaintiff later filed a police report about the battery on or about December 23, 2013.

17. On December 16, 2013, Maier informed Plaintiff that there was going to be an internal investigation into the incident and asked Plaintiff to give his side of the story, which he did. Maier informed Plaintiff that his job was not in jeopardy and took pictures of the injuries to Plaintiff's arm and chest.

18. On December 18, 2013, Plaintiff received a call from Andrea Adeyanju from Defendant's Safety Department, who asked to speak with him. Plaintiff agreed to meet with her the next day. The next day Plaintiff met with her and Maier. During the meeting, Plaintiff gave his statement and showed them pictures on his camera. Adeyanju asked if she could take the camera with her, to which he agreed.

19. The next day Plaintiff received a call from Adeyanju who asked to meet at the ACI office. When Plaintiff got to the office, only Maier was present. He asked Plaintiff to sign a letter. Plaintiff signed the letter without reading it. The letter stated that Plaintiff was terminated.

20. Based on information and belief, the reasons for Plaintiff's termination were pretextual. The real reason Plaintiff termination was because of his complaints related to the safety of Defendant's vehicles and his complaint to the police regarding the battery he sustained by one of Defendant's supervisors while working for Defendant.

## COUNT I
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

21. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

22.    Federal law provides that commercial motor vehicles shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle. 49 C.F.R. § 396.7.

23.    Motor carriers are required to have their drivers inspect their motor vehicles and prepare a report in writing each day on each vehicle operated that includes service brakes including trailer brake connections. 49 C.F.R. § 396.11(a)(1)(i).

24.    Before requiring or permitting a driver to operate a vehicle, every motor carrier shall repair any defect or deficiency listed on the driver inspection report which would be likely to affect the safety or operation of the vehicle. 49 C.F.R. § 396.11(a)(3)(i).

25.    Plaintiff's December 13, 2013 vehicle inspection report identified an unsafe condition on his vehicle likely to cause an accident or a breakdown of the vehicle. In reporting this unsafe condition, Plaintiff engaged in protected activity by reporting illegal conduct on the part of Defendant, namely permitting its driver to operate a vehicle with trailer brakes in an unsafe condition.

26.    Plaintiff was terminated as a result of his complaints related to the safety of Defendant's vehicles.

27.    Defendant violated the law and public policy of the United States by discharging Plaintiff from his employment because Plaintiff complained of illegal activity in violation of federal law.

28.    As a direct and proximate cause of the alleged wrongful discharge, Plaintiff has incurred and will continue to incur the lost income that he would have otherwise earned and is entitled to compensatory damages.

29.    As a direct and proximate cause of the alleged wrongful discharge, Plaintiff has incurred and will continue to incur emotional distress.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant in the form of compensatory damages, including lost wages and emotional distress, in an amount in excess of $75,000.00, costs and expenses, and for such other relief as this Court deems fair and equitable.

## COUNT II
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

30. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

31. Kansas has a strong public policy against the crime of battery, which is defined as intentionally or recklessly causing bodily harm to another person or intentionally causing physical contact with another person when done in a rude, insulting or angry manner. K.S.A. § 21-3412(a).

32. By complaining to the Safety Department about the battery by Defendant's Supervisor Ray Hughes, Plaintiff engaged in protected activity by reporting the illegal conduct Plaintiff suffered at the hands of Defendant's management personnel during work hours on Defendant's property.

33. Plaintiff was terminated as a result of his complaint about Defendant's unsafe working environment.

34. Defendant violated the law and public policy of the State of Kansas by discharging Plaintiff from his employment because Plaintiff complained of illegal activity in violation of state law.

35. As a direct and proximate cause of the alleged wrongful discharge, Plaintiff has incurred and will continue to incur the lost income that he would have otherwise earned and is entitled to compensatory damages.

36. As a direct and proximate cause of the alleged wrongful discharge, Plaintiff has incurred and will continue to incur emotional distress.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant in the form of compensatory damages, including lost wages and emotional distress, in an amount in excess of $75,000.00, costs and expenses, and for such other relief as this Court deems fair and equitable.

### REQUEST FOR TRIAL BY JURY

Plaintiff, Henry Ortiz, by and through his attorneys of record, hereby requests trial by jury on all issues triable by jury in the above-captioned matter.

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: /s/ Amy P. Maloney
    Amy P. Maloney, Ks. 20415
    Matt J. O'Laughlin, Ks. 24789
    4600 Madison, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Fax: 816.283.8739
    amaloney@hslawllc.com
    molaughlin@hslawllc.com

ATTORNEYS FOR PLAINTIFFS