IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HENRY ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-2427-JAR-JPO |
| ) | |
| A.C.I. MOTOR FREIGHT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Henry Ortiz's Motion to Remand (Doc. 8). The matter is fully briefed and the Court is prepared to rule. For the reasons explained in detail below, the Court grants Plaintiff's motion and remands the case to the Twenty-Ninth Judicial District in Wyandotte County, Kansas.

**I.    Background**

Plaintiff was employed by Defendant A.C.I. Motor Freight, Inc. as a pick-up and delivery driver of semi-trailer trucks. On August 11, 2014, Plaintiff commenced this action against Defendant in Wyandotte County District Court, alleging that Defendant wrongfully terminated him in violation of public policy, specifically the Kansas whistleblower law. In Count I, Plaintiff contends that Defendant terminated him for reporting an unsafe condition on his commercial vehicle in violation of public policy expressed in three federal regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"): 49 C.F.R. § 396.7, 49 C.F.R. § 396.11(a)(1)(i); and 49 C.F.R. § 396.11(a)(3)(i). Plaintiff alleges that his December 13, 2013 vehicle inspection report identified an unsafe condition on his vehicle likely to cause an accident or breakdown of the vehicle. In reporting this unsafe condition, Plaintiff alleges he engaged in

protected activity by reporting illegal conduct on the part of Defendant, namely permitting its driver to operate a vehicle with trailer brakes in an unsafe condition.  Plaintiff alleges that he was terminated as a result of his complaints related to the safety of Defendant's vehicles.  Count II alleges a violation of state law and public policy.  Plaintiff contends that Defendant also terminated him for his complaint reporting the battery he suffered by one of Defendant's supervisors in violation of the public policy expressed in K.S.A. § 21-3412(a).

Defendant removed this case contending this Court has original jurisdiction over Plaintiff's claims on two alternative grounds: 1) diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and 2) federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff's Motion to remand followed.

**II.     Discussion**

In its response, Defendant concedes that Plaintiff's claims do not satisfy the requirements of diversity jurisdiction, and thus removal rests upon federal question jurisdiction.[1]  The applicable statute allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2]  Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."[3]  Federal question jurisdiction exists only over those cases in which either 1) federal law creates the cause of action asserted, or 2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

---

[1] Doc. 12 at 5 n. 15.

[2] 28 U.S.C. § 1441(a).

[3] 28 U.S.C. § 1331.

2

law.[4]  Whether a suit "arises under" federal law is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[5]

Cases arise under federal law in two ways.  First, "when federal law creates the cause of action asserted," which covers a category of cases that "accounts for the vast bulk of suits that arise under federal law."[6]  In a much narrower category are state law claims that "implicate significant federal issues."[7]  Claims in this category fall within a limited exception to the well-pleaded complaint rule, which is grounded in "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[8]

The issue presented by Defendant's Motion to Remand is whether Plaintiff's state law whistleblower claim in Count I raises an issue of federal law that is substantial enough to warrant the exercise of federal question jurisdiction.  There is a presumption against finding federal jurisdiction.[9]  The burden of proving jurisdiction lies with the party asserting it exists.[10]

Defendant analyzes the federal jurisdiction question under the factors articulated by the

---

[4]*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

[5]*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[6]*Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

[7]*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Empire*, 547 U.S. at 699 (explaining that such claims are in a "special and small category" of federal "arising under" jurisdiction).

[8]*Grable*, 545 U.S. at 312.

[9]*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012).

[10]*Id.*

Tenth Circuit in *Rice v. Office of Servicemembers' Group Life Insurance*,[11] which requires that to fall within the so-called "substantial federal question" exception, (1) the issues implicated are governed by federal law; (2) the raised issues must present substantial questions of federal law that must be resolved; and (3) the applicable statute must give rise to an implied cause of action.[12] The Supreme Court has recently clarified, however, that federal jurisdiction over a state law claim will lie if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[13] As discussed below, this is not one of those cases.

"Kansas follows the common-law employment-at-will doctrine, which allows employers to terminate employees for good cause, for no cause, or even for the wrong cause."[14] To prevail on a retaliatory discharge claim, an employee must demonstrate that he or she falls within one of the exceptions to the employment-at-will doctrine.[15] One of these exceptions is termination for "whistleblowing."[16] To establish a retaliatory discharge claim for whistleblowing, a plaintiff has the burden of proving the following elements by clear and convincing evidence:

> [A] reasonably prudent person would have concluded the employee's coworker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public

---

[11]260 F.3d 1240 (10th Cir. 2001).

[12]*Id*. at 1245.

[13]*Gunn*, 133 S. Ct. at 1064 (citing *Grable*, 545 U.S. at 314); *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, —F.3d—, 2014 WL 5334690, at *2 (10th Cir. Oct. 21, 2014) ("To invoke this so-called "substantial question' branch of federal question jurisdiction, a [party] must show [the four *Gunn* factors].").

[14]*Goodman v. Wesley Med. Ctr., L.L.C.*, 78 P.3d 817, 821 (Kan. 2003).

[15]*Id*. (citation omitted).

[16]*Id*. (citation omitted).

4

>health, safety, and the general welfare; the employer had
>knowledge of the employee's reporting of such violation prior to
>discharge of the employee; and the employee was discharged in
>retaliation for making the report.[17]

Plaintiff does not dispute that federal transportation safety regulation issues are "necessary" to his case or that the federal issue is disputed by Defendant. Thus, the Court turns its analysis to the third and fourth *Gunn* factors in determining whether Plaintiff's whistleblower claim arises under federal law.

### *Substantial Federal Issue*

To demonstrate substantiality, "it is not enough that the federal issue is significant only to the parties in the immediate suit; that will *always* be true when the state claim 'necessarily raises' a disputed federal issue."[18] Rather, the "substantiality inquiry . . . looks instead to the importance of the issues to the federal system as a whole."[19] "Neither the federal government nor the federal system as a whole has a pressing interest in ensuring that a federal forum is available in state tort suits that include passing references to a federal statute cited only as an articulation of public policy."[20]

The Supreme Court has identified three factors to consider in determining substantiality:

>First, a pure question of law is more likely to be a substantial
>federal question. Second, a question that will control many other
>cases is more likely to be a substantial federal question. Third, a

---

[17]*Id.* (quoting *Palmer v. Brown*, 752 P.2d 685, 690 (Kan. 1988)).

[18]*Gunn*, 133 S. Ct. at 1066 (citation omitted) (emphasis in the original).

[19]*Id.*; *see Grable*, 545 U.S. at 313("It has in fact become a constant refrain . . . that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.").

[20]*Fracasse v. People's United Bank*, 747 F.3d 141, 145 (11th Cir. 2014) (examining whether the issue was substantial under *Gunn's* third factor).

5

> question that the government has a strong interest in litigating in a federal forum is more likely to a be a federal question.[21]

The factors are not present in this case. This is a dispute between private parties; no federal actor is involved. The federal question is not a near "pure issue of law," but requires the application of unique facts to transportation safety regulations. And, because the key issue involves a determination under a reasonable person standard, it is not likely to control many other cases. Defendant's assertion that Plaintiff must prove an actual violation of FMCSA regulations is not well-taken. As discussed above, under Kansas law it is not necessary to show an actual violation of the federal regulations referenced in Plaintiff's complaint, only that a reasonably prudent person would have concluded that a violation occurred. Any interpretation of the federal regulations by the State court would not serve as binding precedent because such a determination is case-based. Accordingly, the Court finds that Defendant has not shown that the disputed issue of federal law in this case is "substantial" within the meaning of federal question jurisdiction.

### *Federal-State Balance*

Nor has Defendant met its burden of showing that this action is capable of resolution in the federal courts without disturbing the federal-state balance. Defendant contends that the federal statute at issue, the Surface Transportation Assistance Act ("STAA"),[22] gives rise to a private cause of action. Specifically, Sections 405(a) and (b) of the STAA prohibit a motor carrier from discharging an employee for making safety-related complaints or for refusing to operate a motor vehicle when such operation constitutes a violation of federal safety

---

[21]*Empire*, 547 U.S. at 700–01; *Grable*, 545 U.S. at 315–16.

[22]49 U.S.C. § 31105(a).

regulations.[23] As Plaintiff points out, however, Defendant does not discuss the text of the statute concerning remedies. To seek judicial review of such a claim, a plaintiff must file a complaint with the Secretary of Labor.[24] Moreover, the STAA also contains language on preemption and rights retained that undercuts Defendant's argument:

> **(f) No Preemption.** Nothing in this section preempts or diminishes any other safeguards against discrimination, demotion, discharge, suspension, threats, harassment, reprimand, retaliation, or any other manner of discrimination provided by Federal or State law.
>
> **(g) Rights Retained by Employee.** Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law.[25]

Thus, Defendant has not demonstrated that resolution of this action in federal court would not disrupt the federal-state balance. If the Court allowed federal jurisdiction in this case, any defendant in a Kansas whistleblower case could remove simply by referencing a federal issue involved. Kansas has a strong interest in adjudicating retaliatory discharge claims regarding whistleblowing on safety violations,[26] and courts have traditionally adjudicated cases such as this, where a whistleblower premises his claim on violation of a federal regulation.[27]

---

[23]*Id.*

[24]49 U.S.C. § 31105(b),(c).

[25]49 U.S.C. § 31105(f).

[26]*See Palmer v. Brown*, 752 P.2d 685. Syl. ¶ 1 (Kan. 1988) ("It is declared the public policy of the State of Kansas to encourage citizens to report infractions of the law pertaining to public health, safety, and the general welfare.").

[27]*See, e.g.*, *Flenker v. Willamette Indus., Inc.*, 967 P.2d 295, 300 (Kan. 1998) (considering OSHA violations for machine safety and holding that plaintiff could maintain a state-law tort claim for retaliatory discharge because the federal OSHA remedy was inadequate); *Palmer*, 752 P.2d at 685 (involving reports of Medicaid fraud); *Moyer v. Allen Freight Lines, Inc.*, 885 P.3d 391, 394 (Kan. Ct. App. 1994) (involving report of equipment failures in violation of federal Department of Transportation regulations).

And, although it does not appear that Kansas courts have addressed the issue, other courts have rejected arguments that state whistleblower claims that allege violations of STAA or the FMCSA arise under federal law.[28]

In sum, though the federal question is necessarily raised and actually disputed, it is not substantial, and resolution in a federal court would cause significant disruption to the federal-state balance.  Thus, the Court concludes Count I does not "arise under" federal law, and the Court does not have original jurisdiction.  Likewise, the Court does not have supplemental jurisdiction over Count II, which relies exclusively on Kansas law.[29]  Accordingly, the Court grants Plaintiff's motion to remand.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 8) is GRANTED; the Clerk is directed to remand the case to the Twenty-Ninth Judicial District in Wyandotte, Kansas.

**IT IS SO ORDERED.**

Dated: November 7, 2014

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[28]*See, e.g.*, *Dobberowsky v. Cryogenic Transp., Inc.*, 989 F. Supp. 848, 851 (E.D. Mich. 1997) (remanding case); *Groves v. Sup. Well Servs., Ltd.*, No. 10CV149, 2010 WL 5348775, at *2 (N.D. W. Va. Dec. 21, 2010) (same).

[29]*See* 29 U.S.C. § 1367 (supplemental jurisdiction applicable to claims in "which the district courts have original jurisdiction").